**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 25-12607 |
| Raymond Joseph Schneider, | : | Chapter 11 |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Beth A. Buchanan |

---

| | |
|---|---|
| The Huntington National Bank | : |
| For itself and as Administrative Agent | : |
| 41 South High Street | : |
| Columbus, OH 43287 | : |
| | : |
| Plaintiff, | : |
| | :      Adv. Pro. No. _____ |
| vs. | : |
| | :      (Removal Proceeding) |
| Raymond Joseph Schneider | : |
| 3515 Tiffany Ridge Lane | : |
| Cincinnati, OH 45241 | : |
| | : |
| Patricia Schneider | : |
| 3515 Tiffany Ridge Lane | : |
| Cincinnati, OH 45241 | : |
| | : |
| Eric P. Schneider | : |
| 274 Southampton Street | : |
| Boston, MA 02118 | : |
| | : |
| Justin F. Schneider | : |
| 3515 Tiffany Ridge Lane | : |
| Cincinnati, OH 45241 | : |
| | : |
| Danielle R. Senzer | : |
| 24 Normandie Road | : |
| Dover, MA 02030 | : |
| | : |
| Defendants. | : |

**NOTICE OF REMOVAL**

Raymond Joseph Schneider, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, Case No. 25-12607 (the "Bankruptcy Case"), hereby gives notice

1

of the removal of this action (this "Notice of Removal" and "Removal") pursuant to 28 U.S.C. §§ 1334 and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), from the Court of Common Pleas, Hamilton County, Ohio (the "State Court"), to the United States Bankruptcy Court for the Southern District of Ohio, Western Division (this "Court"). As grounds for this Removal, the Debtor states the following:

**Statement of Facts and Procedural History**

1.  This action was commenced on or about September 29, 2025, by the filing of that certain *Complaint* (the "Complaint") of The Huntington National Bank (the "Plaintiff" or "HNB") in Index No. A2504784 (the "State Court Action") in the State Court. Through its Complaint, Plaintiff sought to declare certain trusts as invalid in order to recover certain purportedly-fraudulent transfers to such trusts.

2.  A copy of the docket of the State Court Action is attached hereto as **Exhibit A**.

3.  Copies of the pleadings and process filed in the State Court shall be filed following this Notice of Removal.

4.  The Debtor filed his petition for chapter 11 relief in the Bankruptcy Case on October 17, 2025 (the "Petition Date"). A *Notice of Automatic Stay Due to Bankruptcy* was filed in the State Court Action on October 20, 2025.

5.  HNB filed its proof of claim in the Bankruptcy Case on December 11, 2025, for an alleged claim amount of $36,131,393.30 ("HNB's Claim"). HNB's Claim is based on a judgment entered against the Debtor in Index No. A2002093 (the "Collection Action") before the State Court.

6.  The Debtor is removing the State Court Action at this time out of an abundance of caution in case the 90-day deadline under Bankruptcy Rule 9027(a)(2)(A) applies to removal in

this circumstance. The Debtor believes that the automatic stay under 11 U.S.C. § 362 applies to the State Court Action such that the deadline for removal would not occur until 30 days after relief from stay is granted pursuant to Bankruptcy Rule 9027(a)(2)(B) but is removing this action to ensure that there is no dispute over the timeline for removal in case any party alleges that the stay did not apply to this action.

## Bankruptcy Jurisdiction

7. As a result of the Debtor's bankruptcy filing, the State Court Action is removable pursuant to 28 U.S.C. § 1452. In pertinent part, 28 U.S.C. § 1452 states: "A party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

8. Pursuant to 28 U.S.C. § 1334(b), "[t]he district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The general order of reference entered in this District, General Order No. 05-02, refers all matters or proceedings "arising under Title 11 of the United States Code or arising in or related to a case under the Bankruptcy Act and Title 11 of the United States Code" to the bankruptcy judges for this District.

9. The Debtor, as debtor in possession, pursuant to 11 U.S.C. § 1107(a), has a responsibility in the Bankruptcy Case to perform all functions and duties of a trustee serving in a case under chapter 11. Accordingly, the Debtor has a duty to collect the property of his estate and reduce it to funds for the benefit of his estate. *See* 11 U.S.C. § 1106(a)(1), citing 11 U.S.C. § 704(a).

10. Pursuant to 11 U.S.C. §§ 541, 548, and 550, any property that is recovered or recoverable from the transferee of an avoided fraudulent transfer is included as property of a debtor's estate. It follows that HNB's claims in the State Court Action, and any funds that might be recovered in the State Court Action, for alleged fraudulent transfers are property of the Debtor's estate. *See In re Swallen's, Inc.*, 205 B.R. 879, 882 (Bankr. S.D. Ohio 1997) ("…funds in the handsof [*sic*] putative fraudulent transferees are property of the estate."); *see also In re Cincom iOutsource, Inc.*, 398 B.R. 223, 235 (Bankr. S.D. Ohio 2008), citing *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275 (5th Cir. 1983) ("Any effort to recover [fraudulently transferred] property is essentially an action to recover property that belongs to the debtor…"); *Bedizel*, 2019 WL 11638834, at *2, citing *In re Zwirn*, 362 B.R. 536, 539 (Bankr. S.D. Fla. 2007) ("…fraudulent conveyance claims are property of the estate that with rare exception may only be prosecuted by the trustee."). The eventual pursuit of these claims for the benefit of the bankruptcy estate furthers the aims of this chapter 11 proceeding, including that estate assets be used for the benefit of all creditors, not just HNB.

11. The State Court Action is directly involved in the Debtor's ability to administer his Bankruptcy Case expeditiously for the benefit of all creditors. The Debtor has a duty to pursue any potential fraudulent transfer claims that would benefit his estate. Accordingly, the Debtor, on behalf of the bankruptcy estate as debtor in possession, is the real party in interest to pursue the claims in the State Court Action and recover for any transfer of funds that truly belong to the Debtor's bankruptcy estate, to the extent that such action is necessary to meet confirmation requirements. *Torch Liquidating Tr. V. Stockstill*, 561 F.3d 377, 386 (5th Cir. 2009) ("Courts generally recognize that where causes of action are nothing more than disguised claims for fraudulent transfers…they belong to the estate."); *In re D.A.B. Constructors, Inc.*, 2024 WL

4

5200457, at *6 (Bankr. M.D. Fla. Dec. 6, 2024) ("If a cause of action belongs to the estate, then the trustee is the only party with standing to prosecute it.") (cleaned up).

12. Removal is proper pursuant to this Court's bankruptcy jurisdiction, as authorized by 28 U.S.C. § 1334(b) (federal district courts have original jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11). Cases subject to such jurisdiction are removable under the authority of 28 U.S.C. § 1452 ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."). A notice of removal is to be filed in the bankruptcy court, as a unit of the district court, where there is a general order of reference providing the automatic referral of cases under the Bankruptcy Code to the bankruptcy court.

13. The Debtor intends to take action following the removal to (a) determine if the automatic stay is lifted in this proceeding; and (b) substitute the bankruptcy estate, under the control of the Debtor as debtor in possession as the real party in interest to pursue these claims.

### Core vs. Non-Core Bankruptcy Jurisdiction

14. This action involves, *inter alia*, matters concerning the administration of the Debtor's estate, the allowance or disallowance of claims against the Debtor's estate, the turnover of property back to the estate, and proceedings to determine, avoid, and potentially recover fraudulent conveyances. This action is therefore a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (H), and (O).

15. To the extent the Court determines this action to be a non-core proceeding, the Debtor consents to entry of final orders by a bankruptcy judge.

### Notice

16. Pursuant to Bankruptcy Rule 9027(b), the Plaintiff and each of the other parties is being served with this Notice of Removal per the attached Certificate of Service.

17. Additionally, pursuant to Bankruptcy Rule 9027(c), a copy of this Notice of Removal is being filed with the clerk of the State Court.

### Process and Pleadings

18. True and correct copies of the pleadings and process are being filed following this Notice of Removal.

### Reservation

19. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims, and pleas are expressly reserved. Nothing in this notice is to be deemed an admission that pursuit of these alleged claims is required for the Debtor to meet the confirmation requirements, including, for instance, the best interest of creditors test.

Respectfully submitted,

/s/ James A. Coutinho
Thomas R. Allen         (0017513)
Richard K. Stovall      (0029978)
James A. Coutinho       (0082430)
Andrew D. Rebholz       (0102192)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
allen@asnalaw.com; stovall@asnalaw.com
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for Debtor / Debtor in Possession*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *Notice of Removal* was served on the date of filing (i) electronically through the Court's ECF system on all ECF participants registered in this case at the email address registered with the Court, and (ii) by U.S. Mail to the following parties:

Patricia Schneider
3515 Tiffany Ridge Lane
Cincinnati, OH 45241

Eric P. Schneider
274 Southampton Street
Boston, MA

Justin F. Schneider
3515 Tiffany Ridge Lane
Cincinnati, OH 45241

Danielle R. Senzer
24 Normandie Road
Dover, MA 02030

                                              /s/ James A. Coutinho
                                            James A. Coutinho    (0082430)